IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANK BURTON, JR., | Civil Action No. 14 – 131 |
| Petitioner, | |
| v. | District Judge Nora Barry Fischer |
| | Magistrate Judge Lisa Pupo Lenihan |
| MARK V. CAPPOZZA, *et al.*, | |
| Respondents. | |

## REPORT AND RECOMMENDATION

I. **RECOMMENDATION**

For the reasons that follow, it is respectfully recommended that the Amended Petition for Writ of Habeas Corpus filed by Petitioner Frank Burton, Jr. (ECF No. 15) be dismissed as moot.

II. **REPORT**

Before the Court is an Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner, Frank Burton, Jr. ("Petitioner"). (ECF No. 15.) Petitioner challenges the Board of Probation and Parole's ("the Board") decision to rescind his unexecuted conditional grant of parole to a specialized Community Corrections Center upon completion of Department of Correction ("DOC") programming. For the reasons set forth below, Petitioner's application for federal habeas corpus relief should be dismissed as moot as he was granted parole on April 26, 2015.

By way of background, on November 16, 2012, Petitioner was sentenced to 2 years, 6 months to 5 years of incarceration for committing the crime of Robbery. (Resp't Ex. A, ¶ 6;

ECF No. 19-1 at pp.2-4); (Resp't Attach. 1; ECF No. 19-1 at pp.6-8.) The DOC calculated Petitioner's minimum sentence date to be November 18, 2012 and his maximum sentence date to expire on May 28, 2015. (Resp't Ex. A, ¶ 7); (Resp't Attach. 1.) By a decision rendered August 21, 2013, the Board provided Petitioner with an unexecuted conditional grant of parole to a specialized Community Corrections Center upon completion of DOC programming. (Resp't Ex. A, ¶ 10); (Resp't Attach. 2; ECF No. 19-1 at pp.10-12.) The Board's decision recorded August 21, 2013 also stated that, as a condition of parole, Petitioner may have "no contact with Mandy Ferrins without approval of supervision staff." (Resp't Ex. A, ¶ 11); (Resp't Attach. 2.) On September 25, 2013, Board Agent Defabio received information that Petitioner was contacting Mandy Ferrins. (Resp't Ex. A, ¶ 12); (Resp't Attach. 3; ECF No. 19-1 at p.14.) On September 26, 2013, Agent Defabio received Petitioner's DOC phone records which showed that Petitioner called Mandy Ferrins on numerous occasions between August 28 and September 25, 2013. (Resp't Ex. A ¶ 13); (Resp't Attach. 4; ECF No. 19-1 at pp.16-18.) Based on this violation of Petitioner's unexecuted conditional grant of parole on October 24, 2013, the Board issued a decision rescinding its unexecuted conditional grant of parole and to list Petitioner for parole review in or after December of 2014. (Resp't Ex. A, ¶ 15); (Resp't Attach. 5; ECF No. 19-1 at pp.20-21.)

Petitioner initiated the instant action on January 29, 2014. (ECF No. 1.) However, prior to filing with this Court, Petitioner filed a petition for review in the Commonwealth Court on November 27, 2013, challenging the Board's October 24, 2013 decision to rescind is unexecuted conditional grant of parole. (Resp't Ex. B; ECF No. 19-1 at pp.23-27.) This litigation is still ongoing in the Commonwealth Court although it has been dormant since May 27, 2014. (Resp't Ex. C; ECF No. 19-1 at pp.29-30.) At this time, this Court takes judicial notice that Petitioner

was paroled on April 26, 2015, and because Petitioner has been released from custody, his Petition is now moot.

Generally, a petition for habeas corpus relief becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition. Lane v. Williams, 455 U.S. 624 (1982). The general principle derives from the case or controversy requirement of Article III of the U.S. Constitution. "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate ... the parties must continue to have a personal stake in the outcome of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990). In other words, "throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. at 477. *See also* Spencer v. Kemna, 523 U.S. 1 (1998); Maleng v. Cook, 490 U.S. 488, 491-492 (1989) (habeas petitioner does not remain "in custody" under conviction after the sentence imposed has fully expired merely because of possibility that prior conviction will be used to enhance sentences imposed for any subsequent crimes of which he is convicted); United States v. Romera-Vilca, 850 F.2d 177, 179 (3d Cir.1988) (prisoner's motion to vacate his conviction was not mooted when he was released from custody, where he faced potential deportation as a collateral consequence of conviction).

Through the mere passage of time, Petitioner has obtained the requested relief, to be paroled. In these circumstances, there is no case or controversy for this Court to consider and there is no further relief for the Court to grant. Consequently, the Petition should be dismissed as moot.

**III.    CONCLUSION**

For the reasons set forth above, it is respectfully recommended that the Amended Petition for Writ of Habeas Corpus filed by Petitioner Frank Burton, Jr. (ECF No. 15) be dismissed as moot.

In accordance with the applicable provisions of the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B)&(C), and Rule 72.D.2 of the Local Rules of Court, Petitioner shall have fourteen (14) days from the date of the service of this report and recommendation to file written objections thereto.  Petitioner's failure to file timely objections will constitute a waiver of his appellate rights.

Dated:  May 4, 2016.

_____
Lisa Pupo Lenihan
United States Magistrate Judge

cc:  Frank Burton, Jr.
      KV6843
      PO Box 99991
      Pittsburgh, PA  15233

      Counsel of record
      *Via ECF electronic mail*